IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY GLAUSER,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | No.: 16-cv-3812 |
| | : | |
| **IP LAW GROUP, P.C., et al.,** | : | |
| **Defendants.** | : | |

# O R D E R

**AND NOW**, this __10th__ day of August, 2018, upon consideration of Mr. Ellenberg's Motion for Leave of Court to Withdraw as Counsel for IP Law Group, P.C. (ECF No. 53), and the Court having conducted a hearing on August 9, 2018, at which Mr. Drew Alia, principal for IP Law Group, P.C., did not appear, it is hereby **ORDERED** that the Motion is **GRANTED**.[1]

---

[1] Generally, a corporation or other "artificial entit[y]" may appear in federal court only through licensed counsel. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993); *Erie Molded Plastics, Inc. v. Nogah, LLC*, 520 F. App'x 83, 84 (3d Cir. 2013) (not precedential); *Buschmeier v. G&G Investments, Inc.*, 222 F. App'x 160, 162 (3d Cir. 2007) (not precedential). However, a law firm can withdraw from representing a corporation "once the firm demonstrates to the satisfaction of the district court that its appearance serves no meaningful purpose, particularly insofar as an opposing interest is concerned." *Onhtrup v. Firearms Center, Inc.*, 802 F.2d 676, 680 (3d Cir. 1986); *see also Erie*, 520 F. App'x at 84-85. The Third Circuit has explained:

> In analyzing the phrase "no meaningful purpose," we are persuaded by the logic of both *Onhtrup* and *Fidelity Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537 (7th Cir. 2002). In *Fidelity*, . . . the Court looked at the burden imposed on the potentially withdrawing counsel if the status quo is maintained, the stage of the proceedings, and prejudice to other parties. The three-part test from *Fidelity* explicitly states the factors that were implicit in *Onhtrup*. . . .
>
> *Fidelity* is instructive and persuasive. When read together with *Ohntrup*, the proper withdrawal calculus for a district court to perform when the client is a corporation looks at the burden imposed on all parties and the counsel attempting to withdraw. A law firm is entitled to withdraw once the firm demonstrates that the ordinary rules of withdrawal have been met and its appearance serves no meaningful purpose. Whether or not a law firm's

Mr. Ellenberg and his firm, Law Offices of Stanley J. Ellenberg, Esq., P.C., are discharged as counsel to IP Law Group, P.C.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to update the docket to reflect IP Law Group, P.C.'s *pro se* status, unless and until it retains new counsel, with a mailing address as follows:

> IP Law Group, P.C.
> 1518 Walnut Street, Suite 1516
> Philadelphia, PA 19102[2]

BY THE COURT:

/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge

---

> appearance serves no meaningful purpose will be based on potential prejudice to all litigating parties. One factor to consider in any prejudice analysis is the stage of litigation.

*Buschmeier*, 222 F. App'x at 163-64 (citations omitted).

In the instant case, the Court finds that Mr. Ellenberg's continued representation would serve no meaningful purpose. Mr. Ellenberg seeks to withdraw because IP Law Group, P.C. "is acting against the advice of counsel." (Mot. for Leave to Withdraw ¶ 6, ECF No. 53). He asserts, "There will be no prejudice to Plaintiff if counsel is allowed to withdraw, as he can proceed against Defendants directly and has already filed a motion to compel settlement." (*Id.* ¶ 7). Mr. Ellenberg further asserted at the August 9, 2018 hearing that he believes he will be of no further assistance to IP Law Group, P.C. or to Plaintiff in securing the amount owed to him, because IP Law Group. P.C. is acting against his advice. The Court agrees that under these circumstances, Plaintiff will not be prejudiced by counsel's withdrawal; Plaintiff has already obtained a judgment against IP Law Group, P.C., and no party has objected to Mr. Ellenberg's motion to withdraw. *Cf. Buschmeier*, 222 F. App'x at 164 (finding no prejudice when case was "in the post-judgment stage," and unlike in *Ohntrup*, the corporate client was not foreign); *Erie*, 520 F. App'x at 85 (allowing counsel to withdraw on behalf of corporate client when, *inter alia*, no party opposed counsel's motion to withdraw). Moreover, because IP Law Group has stopped listening to Mr. Ellenberg's advice, Mr. Ellenberg's presence in this case will not assist either party.

---

[2] Based on Mr. Ellenberg's representations at the August 9, 2018 hearing, this address appears to be defunct. Nonetheless, it is a party's burden to keep its whereabouts known.